UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK NOBILI,<br><br>   Plaintiff,<br><br>  v.<br><br>CALIFORNIA HIGHWAY PATROL; OFFICER GALLEY; OFFICER MANCIU; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES,<br><br>   Defendants. | No. 2:12-cv-02804-MCE-GGH<br><br>**ORDER** |

Mark Nobili ("Plaintiff") filed a 42 U.S.C. §1983 civil rights action against the California Highway Patrol ("CHP"), the California Department of Motor Vehicles ("DMV"), Officer Galley ("Galley"), and Officer Manciu ("Manciu") (collectively referred to as "Defendants") on November 12, 2012.  (ECF No. 2.)  Defendants filed a Motion to Dismiss on December 18, 2012.  (ECF No. 6).[1]

///

///

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1

# BACKGROUND[2]

On June 26, 2010, Galley and Manciu stopped Plaintiff's vehicle for Plaintiff's failure to wear a seat belt. During the traffic stop, Galley and Maciu arrested Plaintiff for driving under the influence of alcohol. On May 18, 2011, Plaintiff challenged the constitutionality of the traffic stop in state court through a suppression motion. The state court concluded that the officers lacked probable cause to stop Plaintiff's car on June 26, 2010. As a result, the blood and breath alcohol samples the officers took from Plaintiff when they arrested him would not be admitted as evidence in the State's criminal prosecution. Thus, on June 1, 2011, the Sacramento County District Attorney's Office dismissed the case because there was insufficient evidence to proceed. The DMV refused to reinstate Plaintiff's license beginning in June 2011. It is unclear whether the DMV has ever reinstated Plaintiff's license.

# STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.[3] Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the [. . .] claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.

---

[2] The facts are taken from Plaintiff's Complaint unless stated otherwise. (ECF No. 2.)

[3] All future references to Rule or Rules refer to the Federal Rules of Civil Procedure unless otherwise noted.

2

However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2). . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."

///

Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."

Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .").

**ANALYSIS**

**A. California Highway Patrol and California Department of Motor Vehicles**

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit . . . against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  The Supreme Court has interpreted the Eleventh Amendment to prohibit suits in federal court against an "un-consenting" state brought by a state's own citizen. Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  A state may only be sued in federal court if the state waives its immunity or consents to a suit in federal court.  Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1289 (9th Cir. 1992). State agencies are entitled to the same immunity as the state itself.  In re Harleston, 331 F.3d 699, 701(9th Cir. 2003).  This shield emphasizes the "integrity retained by each state in the federal system."  Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 39 (1994).

Section 1983 provides a federal action against a "person who . . . causes . . . any citizen of the United States . . . the deprivation of any rights, privileges, or immunities secured by the Constitution."  42 U.S.C. §1983 (2012).  Only "person[s]" may be sued for depriving civil rights under §1983, and states are not "person[s]" within the meaning of §1983.  Will v. Michigan State Dep't of Police , 491 U.S. 58, 65 (1989).  Thus, a state cannot be sued under §1983 in federal court.  Id.

Plaintiff argues that both the CHP and DMV are liable under the "municipal liability"  theory expounded in Monell v. New York Dep't of Social Services, 436 U.S. 658, 691 (1978) and 42 U.S.C. § 1983 generally.  The problem with this argument is that Monell concludes that the municipal and local governments may be sued under 42 U.S.C. § 1983.  Monell, 436 U.S. 658, 701.  Neither CHP nor DMV are local agencies; the word "California" in both agencies' names makes it clear that they are state, not local agencies.  Thus, Plaintiff applies the wrong law to this case.  As explained above, states are not "persons" according to § 1983, and consequently they cannot be sued under § 1983 in federal court.  Plaintiff's Complaint against CHP and DMV will be DIMISSED with prejudice.

**B. Officer Galley and Officer Manciu.**

Plaintiff contends that Galley and Manciu violated his right to be free from unreasonable searches and seizures in violation of 42 U. S. C. § 1983.  While state agencies may not be sued under § 1983, the officers may be sued under §1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  State employment usually makes the Defendant a state actor.  Id at 49.  However, Officers may be entitled to qualified immunity under §1983.  Pearson v. Callahan, 555 U.S. 223, 236 (2009).

The Ninth Circuit's qualified immunity test is two-step test. <u>Kee v. Mersch</u>, 297 F. App'x 615, 617 (9th Cir. 2008). First, a Court must determine whether the officer's conduct violated a federal right. Next, the Court must determine whether the right was clearly established at the time. <u>Id.</u> at 617-618. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986). The Supreme Court has cautioned Courts from judging an officer's decisions related to search and seizures under the Fourth Amendment with the benefit of hindsight because police officers "mak[e] split-second judgments in circumstances that are tense, and uncertain." <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989).

Based on Plaintiff's Complaint, it is impossible to know whether Galley and Manciu "knowingly violated the Fourth Amendment." <u>Malley</u>, 475 U.S. at 341. The Court understands that the officers stopped Plaintiff's vehicle, but the Court does not know anything else about the traffic stop other than the criminal charges resulting from the stop were ultimately dismissed by the State. Plaintiff failed to provide any facts to support his conclusion that Galley and Manciu stopped Plaintiff under "false pretenses." (ECF No. 2.) It is unclear if a reasonable officer in Galley and Manciu's position would have known that the stop was illegal at the time the officers stopped the car.

The Supreme Court has directed courts to resolve qualified immunity questions "at the earliest possible stage in litigation." <u>Hunter v. Bryan</u>, 502 U.S. 224, 227 (1991). Thus, Plaintiff's Complaint against Galley and Manciu will be DISMIEED with leave to amend.

///
///
///
///
///
///
///

**CONCLUSION**

Based on the foregoing reasons, Plaintiff's Complaint (ECF No. 2) is DISMISSED. Plaintiff may amend the Complaint with regard to the causes of action related to Officers Galley and Manciu.

IT IS SO ORDERED.

Dated:   February 14, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE