1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    MARK NOBILI,                           No.  2:12-cv-02804-MCE-GGH

12                 Plaintiff,

13        v.                                 **ORDER**

14    CALIFORNIA HIGHWAY PATROL;
      OFFICER GALLEY; OFFICER
15    MANCIU; and CALIFORNIA
      DEPARTMENT OF MOTOR
16    VEHICLES,

17                 Defendants.

18

19        On February 23, 2013, Mark Nobili ("Plaintiff") filed a First Amended Complaint

20    ("FAC") alleging  a 42 U.S.C. §1983 civil rights action against the California Highway

21    Patrol ("CHP"), the California Department of Motor Vehicles ("DMV"), Officer Galley

22    ("Galley") and Officer Manciu ("Manciu").[1]  (ECF No. 10.)  On March 12, 2013, Galley

23    and Manciu filed a Motion to Dismiss.  (ECF No. 12.)

24    ///

25    ///

26    ///

27        _____
              [1] Officer Galley and Officer Manciu will be collectively referred to as "Defendants" throughout this
28    Order.

                                            1

1   The Court previously dismissed CHP and DMV with prejudice because states cannot be

2   defendants in actions brought under 42 U.S.C. § 1983; thus, this Order will only analyze

3   whether Plaintiff stated a claim against Galley and Manciu.   (ECF No. 8.)[2]

4

5                                   **BACKGROUND[3]**

6

7        On June 26, 2010, Galley and Manciu stopped Plaintiff's vehicle for Plaintiff's

8   failure to wear a seat belt.  During the traffic stop, Galley and Manciu arrested Plaintiff for

9   driving under the influence of alcohol.  On May 18, 2011, Plaintiff challenged the

10  constitutionality of the traffic stop in state court through a suppression motion.  The state

11  court concluded that the officers lacked probable cause to stop Plaintiff's car on June 26,

12  2010.  As a result, the blood and breath alcohol samples the officers took from Plaintiff

13  when they arrested him would not be admitted as evidence in the State's criminal

14  prosecution.  Thus, on June 1, 2011, the Sacramento County District Attorney's Office

15  dismissed the case because there was insufficient evidence to proceed.

16

17                                     **STANDARD**

18

19       On a motion to dismiss for failure to state a claim under Federal Rule of Civil

20  Procedure 12(b)(6), all allegations of material fact must be accepted as true and

21  construed in the light most favorable to the nonmoving party.[4]  Cahill v. Liberty Mut. Ins.

22  Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain

23  statement of the claim showing that the pleader is entitled to relief" in order to "give the

24  defendant fair notice of what the [. . .] claim is and the grounds upon which it rests."

25       [2] Because oral argument will not be of material assistance, the Court orders this matter submitted
26  on the briefs.  E.D. Cal. Local Rule 78-230(h).

27       [3] The facts are taken from Plaintiff's FAC unless stated otherwise.  (ECF No. 10.)

28       [4] All future references to Rule or Rules refer to the Federal Rules of Civil Procedure unless
    otherwise noted.

                                          2

1   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson,

2   355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss

3   does not require detailed factual allegations.

4          However, "a plaintiff's obligation to provide the grounds of his entitlement to relief

5   requires more than labels and conclusions, and a formulaic recitation of the elements of

6   a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is

7   not required to accept as true a "legal conclusion couched as a factual allegation."

8   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).

9   "Factual allegations must be enough to raise a right to relief above the speculative level."

10  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal

11  Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain

12  something more than "a statement of facts that merely creates a suspicion [of] a legally

13  cognizable right of action.")).

14         Furthermore, "Rule 8(a)(2). . . requires a showing, rather than a blanket assertion,

15  of entitlement to relief."  Twombly, 550 U.S. at 556 n.3 (internal citations and quotations

16  omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how

17  a claimant could satisfy the requirements of providing not only 'fair notice' of the nature

18  of the claim, but also 'grounds' on which the claim rests."  Id. (citing 5 Charles Alan

19  Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts

20  to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have

21  not nudged their claims across the line from conceivable to plausible, their complaint

22  must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it

23  strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery

24  is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236

25  (1974)).

26  ///

27  ///

28  ///

1    A court granting a motion to dismiss a complaint must then decide whether to

2    grant leave to amend.  Leave to amend should be "freely given" where there is no

3    "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

4    to the opposing party by virtue of allowance of the amendment, [or] futility of the

5    amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

6    Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

7    be considered when deciding whether to grant leave to amend).  Not all of these factors

8    merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

9    carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

10   185 (9th Cir. 1987).  Dismissal without leave to amend is proper only if it is clear that "the

11   complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,

12   Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

13   1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

14   1989) ("Leave need not be granted where the amendment of the complaint . . .

15   constitutes an exercise in futility . . . .")

16

17                                      **ANALYSIS**

18

19       Plaintiff contends that Galley and Manciu violated his right to be free from

20   unreasonable searches and seizures in violation of 42 U.S. C. § 1983.  While state

21   agencies may not be sued under § 1983, the officers may be sued under §1983.  "To

22   state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

23   Constitution and laws of the United States, and must show that the alleged deprivation

24   was committed by a person acting under color of state law."  West v. Atkins, 487 U.S.

25   42, 48 (1988).  State employment usually makes the Defendant a state actor.  Id at 49.

26   However, officers may be entitled to qualified immunity under §1983.  Pearson v.

27   Callahan, 555 U.S. 223, 236 (2009).

28   ///

1    The Ninth Circuit's qualified immunity test is a two-step test. <u>Kee v. Mersch</u>,

2    297 F. App'x 615, 617 (9th Cir. 2008).  First, a Court must determine whether the

3    officer's conduct violated a federal right.  Next, the Court must determine whether the

4    right was clearly established at the time.  <u>Id.</u> at 617-618.  Qualified immunity protects "all

5    but the plainly incompetent or those who knowingly violate the law."  <u>Malley v. Briggs</u>,

6    475 U.S. 335, 341 (1986).  The Supreme Court has cautioned Courts from judging an

7    officer's decisions related to search and seizures under the  Fourth Amendment with the

8    benefit of hindsight because police officers "mak[e] split-second judgments in

9    circumstances that are tense, and uncertain."  <u>Graham v. Connor</u>, 490 U.S. 386, 396

10   (1989).

11    Based on Plaintiff's Complaint, it is impossible to know whether Galley and

12   Manciu "knowingly violated the Fourth Amendment."  <u>Malley</u>, 475 U.S. at 341.  The Court

13   understands that the officers stopped Plaintiff's vehicle, but the Court does not know

14   anything else about the traffic stop other than the criminal charges resulting from the

15   stop were ultimately dismissed by the State.  Plaintiff failed to provide any new facts to

16   support his conclusion that Galley and Manciu stopped Plaintiff under "false pretenses."

17   (ECF No. 10.)  In fact, the facts Plaintiff alleged in the FAC are nearly verbatim to the

18   facts Plaintiff alleged in the Complaint.  <u>Compare</u> ECF No. 2 at ¶ 6-10 <u>with</u> ECF No. 10

19   at ¶ 12-15.  As alleged, both Manciu and Galley testified at a suppression hearing

20   regarding their June 26, 2010 stop; however, Plaintiff failed to include any details about

21   that suppression hearing.  Plaintiff's FAC makes a legal conclusion that Manciu and

22   Galley acted unreasonably; however, Plaintiff failed to include any facts that support his

23   conclusion that Manciu and Galley acted unreasonably when they stopped Plaintiff's

24   vehicle.  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982).  It is unclear if a reasonable officer in

25   Galley's or Manciu's position would have known that the stop was illegal at the time the

26   officers stopped the car.

27   ///

28   ///

5

1   The Supreme Court has directed courts to resolve qualified immunity questions

2   "at the earliest possible stage in litigation." Hunter v. Bryan, 502 U.S. 224, 227 (1991).

3   Thus, Plaintiff's Complaint against Galley and Manciu will be DISMIEED with one final

4   opportunity to amend.

5

6                                   **CONCLUSION**

7

8   Based on the foregoing reasons, Plaintiff's Complaint (ECF No. 10) is dismissed.

9   Plaintiff is granted one final opportunity to amend the complaint in order to state a legally

10  cognizable cause of action.  If no amended complaint is filed within twenty (20) days of

11  the electronic filing of this order, this dismissal shall become final with no further leave to

12  amend and without further notice to the parties.

13  IT IS SO ORDERED.

14  DATED:  May 23, 2013

15

16  _____

17  MORRISON C. ENGLAND, JR., CHIEF JUDGE
    UNITED STATES DISTRICT COURT

18

19

20

21

22

23

24

25

26

27

28