UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK NOBILI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HIGHWAY PATROL; OFFICER GALLEY; OFFICER MANCIU; and CALIFORNIA DEPARTMENT OF MOTOR VEHICLES,<br><br>　　　　Defendants. | No.  2:12-cv-02804-MCE-GGH<br><br>**ORDER** |

On February 23, 2013, Mark Nobili ("Plaintiff") filed a First Amended Complaint ("FAC") alleging a 42 U.S.C. §1983 civil rights action against the California Highway Patrol ("CHP"), the California Department of Motor Vehicles ("DMV"), Officer Galley ("Galley") and Officer Manciu ("Manciu").[1]  (ECF No. 10.)  On March 12, 2013, Galley and Manciu filed a Motion to Dismiss.  (ECF No. 12.)

///

///

///

---

[1] Officer Galley and Officer Manciu will be collectively referred to as "Defendants" throughout this Order.

The Court previously dismissed CHP and DMV with prejudice because states cannot be defendants in actions brought under 42 U.S.C. § 1983; thus, this Order will only analyze whether Plaintiff stated a claim against Galley and Manciu.  (ECF No. 8.)[2]

## BACKGROUND[3]

On June 26, 2010, Galley and Manciu stopped Plaintiff's vehicle for Plaintiff's failure to wear a seat belt.  During the traffic stop, Galley and Manciu arrested Plaintiff for driving under the influence of alcohol.  On May 18, 2011, Plaintiff challenged the constitutionality of the traffic stop in state court through a suppression motion.  The state court concluded that the officers lacked probable cause to stop Plaintiff's car on June 26, 2010.  As a result, the blood and breath alcohol samples the officers took from Plaintiff when they arrested him would not be admitted as evidence in the State's criminal prosecution.  Thus, on June 1, 2011, the Sacramento County District Attorney's Office dismissed the case because there was insufficient evidence to proceed.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.[4]  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the [. . .] claim is and the grounds upon which it rests."

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

[3] The facts are taken from Plaintiff's FAC unless stated otherwise.  (ECF No. 10.)

[4] All future references to Rule or Rules refer to the Federal Rules of Civil Procedure unless otherwise noted.

1  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson,
2  355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss
3  does not require detailed factual allegations.
4       However, "a plaintiff's obligation to provide the grounds of his entitlement to relief
5  requires more than labels and conclusions, and a formulaic recitation of the elements of
6  a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is
7  not required to accept as true a "legal conclusion couched as a factual allegation."
8  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).
9  "Factual allegations must be enough to raise a right to relief above the speculative level."
10 Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal
11 Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain
12 something more than "a statement of facts that merely creates a suspicion [of] a legally
13 cognizable right of action.")).
14      Furthermore, "Rule 8(a)(2). . . requires a showing, rather than a blanket assertion,
15 of entitlement to relief."  Twombly, 550 U.S. at 556 n.3 (internal citations and quotations
16 omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how
17 a claimant could satisfy the requirements of providing not only 'fair notice' of the nature
18 of the claim, but also 'grounds' on which the claim rests."  Id. (citing 5 Charles Alan
19 Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts
20 to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have
21 not nudged their claims across the line from conceivable to plausible, their complaint
22 must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it
23 strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery
24 is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236
25 (1974)).
26 ///
27 ///
28 ///

1  A court granting a motion to dismiss a complaint must then decide whether to
2  grant leave to amend.  Leave to amend should be "freely given" where there is no
3  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
4  to the opposing party by virtue of allowance of the amendment, [or] futility of the
5  amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
6  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
7  be considered when deciding whether to grant leave to amend).  Not all of these factors
8  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .
9  carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,
10  185 (9th Cir. 1987).  Dismissal without leave to amend is proper only if it is clear that "the
11  complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,
12  Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,
13  1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.
14  1989) ("Leave need not be granted where the amendment of the complaint . . .
15  constitutes an exercise in futility . . . .")

16
17                                                **ANALYSIS**
18

19  Plaintiff contends that Galley and Manciu violated his right to be free from
20  unreasonable searches and seizures in violation of 42 U.S. C. § 1983.  While state
21  agencies may not be sued under § 1983, the officers may be sued under §1983.  "To
22  state a claim under § 1983, a plaintiff must allege the violation of a right secured by the
23  Constitution and laws of the United States, and must show that the alleged deprivation
24  was committed by a person acting under color of state law."  West v. Atkins, 487 U.S.
25  42, 48 (1988).  State employment usually makes the Defendant a state actor.  Id at 49.
26  However, officers may be entitled to qualified immunity under §1983.  Pearson v.
27  Callahan, 555 U.S. 223, 236 (2009).
28  ///

4

The Ninth Circuit's qualified immunity test is a two-step test. Kee v. Mersch, 297 F. App'x 615, 617 (9th Cir. 2008). First, a Court must determine whether the officer's conduct violated a federal right. Next, the Court must determine whether the right was clearly established at the time. Id. at 617-618. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). The Supreme Court has cautioned Courts from judging an officer's decisions related to search and seizures under the Fourth Amendment with the benefit of hindsight because police officers "mak[e] split-second judgments in circumstances that are tense, and uncertain." Graham v. Connor, 490 U.S. 386, 396 (1989).

Based on Plaintiff's Complaint, it is impossible to know whether Galley and Manciu "knowingly violated the Fourth Amendment." Malley, 475 U.S. at 341. The Court understands that the officers stopped Plaintiff's vehicle, but the Court does not know anything else about the traffic stop other than the criminal charges resulting from the stop were ultimately dismissed by the State. Plaintiff failed to provide any new facts to support his conclusion that Galley and Manciu stopped Plaintiff under "false pretenses." (ECF No. 10.) In fact, the facts Plaintiff alleged in the FAC are nearly verbatim to the facts Plaintiff alleged in the Complaint. Compare ECF No. 2 at ¶ 6-10 with ECF No. 10 at ¶ 12-15. As alleged, both Manciu and Galley testified at a suppression hearing regarding their June 26, 2010 stop; however, Plaintiff failed to include any details about that suppression hearing. Plaintiff's FAC makes a legal conclusion that Manciu and Galley acted unreasonably; however, Plaintiff failed to include any facts that support his conclusion that Manciu and Galley acted unreasonably when they stopped Plaintiff's vehicle. Harlow v. Fitzgerald, 457 U.S. 800 (1982). It is unclear if a reasonable officer in Galley's or Manciu's position would have known that the stop was illegal at the time the officers stopped the car.

///

///

The Supreme Court has directed courts to resolve qualified immunity questions "at the earliest possible stage in litigation." Hunter v. Bryan, 502 U.S. 224, 227 (1991). Thus, Plaintiff's Complaint against Galley and Manciu will be DISMIEED with one final opportunity to amend.

## CONCLUSION

Based on the foregoing reasons, Plaintiff's Complaint (ECF No. 10) is dismissed. Plaintiff is granted one final opportunity to amend the complaint in order to state a legally cognizable cause of action.  If no amended complaint is filed within twenty (20) days of the electronic filing of this order, this dismissal shall become final with no further leave to amend and without further notice to the parties.

IT IS SO ORDERED.

DATED: May 23, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT