UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK NOBILI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HIGHWAY PATROL COMMISSIONER JOSEPH A. FARROW IN HIS INDIVIDUAL/PERSONAL CAPACITY; AND CALIFORNIA HIGHWAY PATROL OFFICERS GALLEY & MANCIU IN THEIR INDIVIDUAL/PERSONAL CAPACITIES,<br><br>　　　　　Defendants. | No. 2:12-cv-02804-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

On June 12, 2013, Mark Nobili ("Plaintiff") filed a Second Amended Complaint ("SAC") alleging a 42 U.S.C. §1983 civil rights action against California Highway Patrol Commissioner Joseph A. Farrow ("Farrow"), Officer Galley ("Galley"), and Officer Manciu ("Manciu"). Compl., ECF No. 18.[1] On July 19, 2013, Farrow filed a Motion to Dismiss. Mot., ECF No. 22.[2]

---

[1] Galley and Manciu filed an answer to Plaintiff's SAC on June 26, 2013. Answer, ECF No. 21.

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

# BACKGROUND[3]

On June 26, 2010, Galley and Manciu stopped Plaintiff's vehicle for Plaintiff's failure to wear a seat belt. During the traffic stop, Galley and Maciu arrested Plaintiff for driving under the influence of alcohol. On May 18, 2011, Plaintiff challenged the constitutionality of the traffic stop in California state court through a suppression motion. The state court concluded that the officers lacked probable cause to stop Plaintiff's car on June 26, 2010. On June 1, 2011, the Sacramento County District Attorney's Office dismissed the case because there was insufficient evidence to proceed.

# STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).

---

[3] The facts are taken from Plaintiff's SAC unless stated otherwise. See Compl., ECF No. 18.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group,

Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Plaintiff contends that Farrow, Galley, and Manciu violated his right to be free from unreasonable searches and seizures in violation of 42 U.S.C. § 1983. Plaintiff further contends that Farrow is liable under § 1983 based on a claim of supervisor liability under a deliberate indifference standard. Specifically, Plaintiff asserts that Farrow acted with deliberate indifference with respect to training, supervision and/or discipline, hiring, and in the failure to adopt policies necessary to prevent constitutional violations. Farrow is named as a defendant in his individual/personal capacity only.

Personal capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985). "To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006). A plaintiff must demonstrate personal participation in the alleged deprivation of rights by a defendant because there is no respondeat superior liability under § 1983. Bell v. Clackamas County, 341 F.3d 858, 867 n.3 (9th Cir. 2003).

"Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Id.

"Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Id. (internal citations omitted).  For example, "[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." Menotti v. City of Seattle, 409 F.3d 1113, 1149 (9th Cir. 2005).

"[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).  To be held liable, the supervisor need not be "directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury." Id. at 1205-06.  Rather, the supervisor's involvement "could include his own culpable action or inaction in the training, supervision, or control of his subordinates, his acquiescence in the constitutional deprivations of which the complaint is made, or conduct that showed a reckless or callous indifference to the rights of others." Id.

When alleging a "deliberate indifference" theory of individual liability, a plaintiff "must still allege sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates." Hydrick, 669 F.3d at 942.  The use of "bald" and "conclusory" allegations are insufficient to establish individual liability under 42 U.S.C. § 1983. Id., see, e.g., Starr, 652 F.3d at 1217 (noting that the Supreme Court's decision in Iqbal did not alter the substantive requirements for supervisory liability claims in an unconstitutional conditions of confinement case under the Eighth and Fourteenth Amendments where deliberate indifference is alleged).

Plaintiff does not make any specific factual allegations about how Farrow's conduct resulted in Plaintiff's constitutional deprivation, other than conclusory statements

5

about Farrow approving, ratifying, condoning, encouraging, or tacitly authorizing a pattern and practice of misconduct.  See Hydrick, 669 F.3d at 942.  In his SAC, Plaintiff fails to establish either that Farrow was personally involved in the constitutional deprivation or a sufficient causal connection between Farrow's wrongful conduct and the constitutional violation.  Rather, Plaintiff's SAC makes the legal conclusion that Farrow acted with deliberate indifference with respect to Plaintiff's constitutional injury; however, Plaintiff fails to include any specific facts that support his conclusion that Farrow was the actual and proximate cause of the deprivation of Plaintiff's constitutional rights.

Furthermore, the SAC does not establish Farrow's knowledge of or acquiescence in the unconstitutional conduct of Galley and Manciu.  Plaintiff's suggestion that because Farrow's co-defendants, Galley and Manciu, remain employed as officers, Farrow demonstrated willful indifference and acquiescence to a constitutional injury is not plausible absent more information about what Farrow knew and how he failed to act in spite of that knowledge.  Plaintiff fails to allege any underlying facts plausibly establishing such a connection or even awareness of the incident by Farrow.

Plaintiff's SAC also fails to make detailed factual allegations that go beyond reciting the elements of a claim of deliberate indifference.  For example, Plaintiff did not include examples of "prior incidents of the same character that would have made [Farrow] aware of the situation such that [Farrow] could reasonably be said to have been deliberately indifferent to the need for further training."  Mueller v. Auker, 700 F.3d 1180, 1194 (9th Cir. 2012).  Similarly, Plaintiff did not allege the existence of any reports or instances that would have alerted supervisors that the officers' training was inadequate to the point that Farrow was deliberately indifferent to the need for training.

Plaintiff must state more than merely conclusory allegations.  To survive a motion to dismiss, Plaintiff must allege sufficient underlying facts that demonstrate that either Farrow was personally involved in the constitutional deprivation or that a sufficient causal connection existed between Farrow's wrongful conduct and the constitutional violation.  Plaintiff fails to adequately allege either basis in his SAC for his claims against

Farrow and therefore does not contain sufficient underlying facts to give fair notice and to enable Farrow to defend himself effectively.  Thus, Plaintiff's SAC against Farrow is DISMISSED with one final opportunity to amend.

## CONCLUSION

Based on the foregoing reasons, Plaintiff's Second Amended Complaint (ECF No. 18) is dismissed with respect to Plaintiff's claims against Farrow.  Plaintiff is granted one final opportunity to amend the complaint in order to state a legally cognizable cause of action.  Plaintiff may (but is not required to) file an amended complaint against Farrow.  If no amended complaint is filed within twenty (20) days of the electronic filing of this order, the dismissal of all claims against Farrow shall become final with no further leave to amend and without further notice to the parties.

IT IS SO ORDERED.

Dated: November 21, 2013

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT