UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK NOBILI,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>        Defendants. | No. 2:12-cv-02804-MCE-GGH<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Mark Nobili ("Plaintiff") seeks to recover damages from Defendants Galley and Manciu (collectively, "Defendants") for their alleged violation of Plaintiff's constitutional right to be free from unreasonable seizures. Presently before the Court is Defendants' Motion for Summary Judgment (ECF No. 35). For the reasons that follow, Defendants' Motion for Summary Judgment is DENIED.[1]

///
///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[2]

Defendants are California Highway Patrol ("CHP") Officers. On June 26, 2010, Defendants were patrolling downtown Sacramento in a fully marked CHP vehicle. At approximately 1:00 a.m., Galley allegedly observed Plaintiff driving a truck without his seatbelt fastened. Based on that observation alone, Defendants initiated a traffic stop. Plaintiff pulled over and Galley walked to the driver's side window of Plaintiff's truck. When Galley approached Plaintiff, he noticed that Plaintiff's seatbelt was fastened. Nevertheless, Galley informed Plaintiff that he initiated the traffic stop because Plaintiff was driving without his seatbelt fastened, in violation of California Vehicle Code section 27315.

While speaking with Plaintiff, Galley observed a strong odor of alcohol in the truck and that Plaintiff's eyes were red and watery. Plaintiff denied that he had been drinking alcohol, but Galley's observations and Plaintiff's performance on field sobriety tests indicated otherwise. Galley placed Plaintiff under arrest for driving under the influence in violation of California Vehicle Code section 23152. Two breathalyzer tests indicated that Plaintiff had a blood alcohol content of .15%.[3]

Plaintiff's SAC, which is unverified, alleges that Galley is simply lying about observing Plaintiff driving without his seatbelt fastened: not only did Plaintiff have his seatbelt fastened when Galley allegedly observed otherwise, "both officers knew" he had his seatbelt fastened at that time. SAC at 5 (emphasis added). The SAC also notes that there is video footage indicating that Plaintiff's seatbelt was fastened when he exited a parking garage just minutes before Defendants initiated the traffic stop.

---

[2] The following statement of facts is based on the allegations in Plaintiff's Second Amended Complaint ("SAC") (ECF No. 18) and Defendants' Motion for Summary Judgment (ECF No. 35). Unless otherwise noted, the parties do not dispute these facts.

[3] The Sacramento County District Attorney's Office dismissed the criminal case against Plaintiff after a Sacramento County Superior Court Judge granted Plaintiff's motion to suppress evidence on the basis that Defendants did not have probable cause to initiate the traffic stop. Plaintiff and Galley testified at the suppression hearing.

**STANDARDS**

A. Summary Judgment

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986).  The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, [] the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.  In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon

1  which a jury could properly proceed to find a verdict for the party producing it, upon
2  whom the onus of proof is imposed." Id. at 251 (quoting Improvement Co. v. Munson,
3  81 U.S. 442, 448 (1871)) (emphasis in original).  As the Supreme Court explained:
4  "When the moving party has carried its burden under Rule [56(a)], its opponent must do
5  more than simply show that there is some metaphysical doubt as to the material facts."
6  Matsushita, 475 U.S. at 586.  Therefore, "[w]here the record taken as a whole could not
7  lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for
8  trial.'" Id. at 87.
9      In resolving a summary judgment motion, the evidence of the opposing party is to
10 be believed, and all reasonable inferences that may be drawn from the facts placed
11 before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at
12 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
13 obligation to produce a factual predicate from which the inference may be drawn.
14 Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd,
15 810 F.2d 898 (9th Cir. 1987).

### B. Qualified Immunity

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  More succinctly:  "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." Pearson v. Callahan, 555 U.S. 223, 232 (2009).

### C. Fourth Amendment Search and Seizure

> The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of this provision.  An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances.  As a general matter, the decision

4

> to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.

Whren v. United States, 517 U.S. 806, 809-10 (1996) (citations omitted).

## ANALYSIS

As the moving party, Defendants bear the initial burden of informing the Court of the basis of their Motion and identify the portions of the record that they believe demonstrate the absence of a genuine issue of material fact.  Defendants' Motion accomplishes both of these objections.

Defendants argue that they are entitled to qualified immunity because their conduct did not violate Plaintiff's constitutional rights.[4]  Specifically, Defendants argue that they had probable cause to believe that a traffic violation had occurred—and that the seizure of Plaintiff was therefore reasonable—because Galley observed Plaintiff driving without his seatbelt fastened in violation of the California Vehicle Code. Defendants further argue that the seizure of Plaintiff was not unreasonable even if Galley's observation was mistaken and Plaintiff did have his seatbelt fastened.  Def.s' Mot. at 7 (citing Heien v. North Carolina, 135 S. Ct. 530 (2014)).  In addition to stating the basis of their Motion, Defendants also identify the portions of the record that they believe support their arguments (such as Galley's and Manciu's declarations). Accordingly, Defendants have fulfilled their initial burden.

Plaintiff's Reply, however, establishes that there is a genuine issue of material fact that precludes summary judgment.  Specifically, the parties dispute whether Galley was mistaken about observing Plaintiff driving without his seatbelt fastened, or whether he knew that Plaintiff's seatbelt was fastened and is lying about having observed otherwise.  This dispute is material:  if Galley was mistaken and his mistake was

---

[4] Defendants do not suggest that the right to be free from unreasonable seizures is not a clearly established right.

reasonable,[5] then Defendants had probable cause to initiate the traffic stop and the seizure was reasonable under the Fourth Amendment; if Galley is lying about having observed Plaintiff driving without his seatbelt fastened, Defendants did not have probable cause to initiate the traffic stop and the seizure was unreasonable under the Fourth Amendment.

       The dispute is also genuine.  Contrary to Defendants' version of events, Plaintiff contends that his seatbelt was fastened and that Galley is lying about observing otherwise.  That specific allegation, however, appears only in Plaintiff's unverified SAC and his Opposition to Defendants' Motion.  See Butler v. San Diego Dist. Attorney's Office, 370 F.3d 956, 962 (9th Cir. 2004) (finding a district court erred in "assuming that factual allegations in a plaintiff's § 1983 complaint [we]re true when [] defendant move[d] for summary judgment based on official immunity," and explaining that district courts must consider whether allegations have evidentiary support).  Plaintiff does not contend that he has direct evidence that Galley is lying; rather, he bases that inference on the evidence indicating that he had his seatbelt fastened when Galley allegedly observed otherwise.  This raises two questions for the Court on Defendants' Motion:  (1) is the evidence that Plaintiff had his seatbelt fastened while driving admissible, and (2) could a rational trier of fact, examining the admissible evidence as a whole, conclude that Galley did not observe Plaintiff driving without his seatbelt fastened (and thus had no justification to initiate the traffic stop)?

       In a single, conclusory sentence, Defendants argue—for the first time in their Reply brief—that Plaintiff has "provide[d] no admissible evidence to support" the contention that Galley is lying.  Def.s' Reply, ECF No. 42, at 2.  Cf. Fraser v. Goodale, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (explaining that at the summary judgment stage, the focus is not on the admissibility of the evidence's form, but on the admissibility of its contents).  Defendants fail to identify, and the Court cannot otherwise discern, the grounds on which the following evidence would be inadmissible:  (1) Plaintiff's testimony

---

[5] See Heien, 135 S. Ct. at 356 ("seizures based on mistakes of fact can be reasonable").

1 that he had his seatbelt fastened when Galley allegedly observed otherwise, and (2) the
2 videotape evidence indicating that Plaintiff had his seatbelt fastened just minutes before
3 Galley's alleged observation.  Thus, contrary to Defendants' suggestion, Plaintiff has
4 produced admissible evidence to support the contention that Galley is lying about
5 observing Plaintiff driving without his seatbelt fastened.
6       The Court also finds that a rational trier of fact examining the admissible evidence
7 as a whole, could conclude that Galley did not observe Plaintiff driving without his
8 seatbelt fastened, that Galley did not otherwise have probable cause to believe that a
9 traffic violation had occurred, and that Defendants' seizure of Plaintiff was therefore
10 unreasonable.  In fact, the Sacramento County Superior Court Judge that presided over
11 the suppression hearing opined as much.  See Ortiz Decl. (Ex. A, 38:10-11), ECF No. 40
12 (suggesting that Galley was acting on "his eagerness to enforce the DUI law").
13       Defendants' arguments to the contrary are not persuasive.  Their emphasis on
14 Heien, for example, is misplaced.  In Heien, the Supreme Court explained that "seizures
15 based on mistakes of fact can be reasonable." 135 S. Ct. at 536 (emphasis added).
16 Defendants acknowledge but fail to appreciate the significance of the qualifier in the
17 preceding quotation.  They simply assume that Galley's mistake of fact was reasonable.
18 See Def.'s Mot. at 7 (concluding, without discussing the reasonableness of Galley's
19 mistake, that Galley's "mistake does not  establish a constitutional violation.").
20 Defendants also fail to appreciate that Plaintiff disputes whether Galley was mistaken;
21 again, Plaintiff contends that both Defendants knew he had his seatbelt fastened, and
22 that Galley lied about observing otherwise just to initiate the traffic stop.  Defendants
23 also argue there is no evidence that they "had any animosity toward Plaintiff that
24 resulted in the traffic stop." Def.s' Reply at 3.  Notwithstanding its accuracy, Defendants'
25 argument is irrelevant.  The Fourth Amendment prohibits unreasonable seizures; it is
26 silent as to animosity.
27       On Defendants' Motion for Summary Judgment, the Court must believe Plaintiff's
28 evidence. Anderson, 477 U.S. at 255.  Believing Plaintiff's evidence that he had his

seatbelt fastened when Galley allegedly observed otherwise, there is a triable issue as to whether the traffic stop was effectuated without probable cause and was therefore an unreasonable seizure.  Accordingly, Defendants are not entitled to qualified immunity on the ground that their actions did not amount to a constitutional deprivation.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 35) is DENIED.

IT IS SO ORDERED.

Dated:  May 8, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT